IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| § | |
| V. § | CIVIL ACTION NO. H-07-2225 |
| § | CR-03:389-27 |
| CODY ALLEN BELT, § | |
| § | |
| Defendant/Movant. § | |

## MEMORANDUM AND RECOMMENDATION
## GRANTING UNITED STATES' MOTION TO DISMISS

Before the Magistrate Judge is Defendant Cody Allen Belt's "Motion for Order to Show Cause Why Respondents should not be Held in Contempt" or for "habeas relief under Title 28 U.S.C. Section 1651 or 2255" (Document No. 1646), and the Government's response and Motion to Dismiss (Document Nos. 1655 & 1656). Having considered the parties' submissions, the claims raised by Belt, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the United States' Motion to Dismiss be GRANTED, that Petitioner's "Motion for Order to Show Cause Why Respondents should not be Held in Contempt" or for "habeas relief under Title 28 U.S.C. Section 1651 or 2255", which is properly construed as a request for relief under 28 U.S.C. § 2241, be DISMISSED WITHOUT PREJUDICE.

I.  **Procedural History**

Defendant Cody Allen Belt is currently in custody of the United States Bureau of Prisons at the Federal Correctional Institution in Beaumont, Texas. In March 2005, Belt pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute methamphetamine and

marijuana (count one) and using and carrying a firearm in furtherance of a drug trafficking offense. (Document Nos. 1240, 1250). He was thereafter sentenced, on August 5, 2005, to 120 months confinement on count one, 60 months confinement on count two, with the terms of imprisonment to run consecutively for a total of 180 months, a 5 year term of supervised release, and a $3,000 fine. (Document No. 1472). A Judgment of Conviction was entered on August 11, 2005. (Document No. 1480). Belt did not appeal.

In his "Motion for Order to Show Cause Why Respondents should not be Held in Contempt" or for "habeas relief under Title 28 U.S.C. Section 1651 or 2255"(Document No. 1646), Belt complains about the manner in which the Bureau of Prisons has been collecting his fine. According to Belt, while the Court's Judgment specifically provides for the collection of his fine as follows: "$25.00 per quarter or 50% of any wages earned in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program," Motion (Document No. 1646 at 2) (citing Judgment (Document No. 1480 at 6)), the Bureau of Prisons is requiring him to pay $50.00 a month towards his fine despite the fact that he is earning only $5.00 per month. Belt seeks an Order requiring the Bureau of Prisons to comply with the Judgment insofar as it delineated the manner in which his fine was to be collected.

The Government argues in its Response and Motion to Dismiss (Document Nos. 1655 & 1656), that Belt cannot obtain the relief he seeks through either a Motion to Show Cause or a habeas proceeding under 28 U.S.C. § 2255. With respect to an attempt to seek relief under § 2255, the Government maintains that because Belt is not challenging or seeking to set aside his conviction or sentence, § 2255 cannot provide him any relief. As for a Motion to Show Cause, the Government maintains that no relief is available unless and until Belt has exhausted his administrative remedies–

2

something Belt has not done.

**II.   Discussion**

Belt's complaints about the manner in which his fine is being collected are complaints that go to the manner in which Belt's sentence is being served or executed, and are therefore properly cognizable under 28 U.S.C. § 2241.  *See United States v. Ovaitt*, 121 F.3d 704 (5th Cir. 1997) ("Insofar as Ovaitt is challenging the manner in which BOP is executing his sentence, his proper remedy is a 28 U.S.C. § 2241 habeas corpus petition"); *United States v. Lott*, 227 Fed. Appx. 414 (5th Cir. 2007) (federal inmates motions challenging "the manner in which the BOP was administering the Inmate Financial Responsibility Program" were "in the nature of 28 U.S.C. § 2241 petitions"); *United States v. Wilbert*, 54 Fed. Appx. 404 (5th Cir. 2002) (finding inmate's motion that "challenged the manner in which the BOP was administering the Inmate Financial Responsibility Program" to be "in the nature of a 28 U.S.C. § 2241 petition"); *see also generally United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992); *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990); *Reyes-Requena v. United States*, 243 F.3d 893, 900-901 (5th Cir. 2001) (§ 2255 provides the means for federal inmates to challenge federal convictions and sentences, while 28 U.S.C. § 2241 provides the means for inmates to challenge the manner in which their sentences are executed or served); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.) (Relief under § 2255 "is warranted for errors that occurred at trial or sentencing"), *cert. denied*, 534 U.S. 1001 (2001).

Proceedings brought under 28 U.S.C. § 2241 must be filed in the district in which the prisoner is incarcerated.  *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) ("[W]e have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241

3

petition"); *see e.g., Lott*, 227 Fed. App. at 414; *Wilbert*, 54 Fed. Appx. at 404. In addition, a federal prisoner who challenges the manner in which his sentence is being served or executed must exhaust his administrative remedies with the Bureau of Prisons prior to bringing his challenge in a § 2241 proceeding. *Rourke v. Thompson*, 11 F.3d 47, 49-50 (5th Cir. 1993); *Cleto*, 956 F.2d at 84, *Gabor*, 905 F.2d at 78, n.2; *Ovaitt*, 121 F.3d at 704. If a federal prisoner has not exhausted his administrative remedies, his § 2241 claims should be dismissed without prejudice.

In this case, Belt's Motion should and will be construed as a request for relief under § 2241. So construed, it is subject to dismissal. First, the affidavit of Gerald Rawls that the Government has submitted with its Response and Motion to Dismiss, shows that Belt has not exhausted his administrative remedies. *See* Declaration of Gerald Rawls (Document No. 1655-2) ("BOP computerized remedy records reveal that inmate Cody Allen Belt . . . has not filed any administrative remedies regarding any issues since his incarceration in the BOP. . . . There is no indication Mr. Belt exhausted his administrative remedies."). Second, Belt is not incarcerated in this District – he is incarcerated in Beaumont, in the Eastern District of Texas. Accordingly, because Belt has not exhausted his administrative remedies and because Belt must file a § 2241 challenge to the collection of his fine in the District in which he is incarcerated, this action and Belt's claims are subject to dismissal without prejudice.

### III. Conclusion and Recommendation

Based on the foregoing, the conclusion that Belt's Motion can and should be construed as a challenge to the manner Belt's sentence is being served under 28 U.S.C. § 2241, and the fact that Belt is not incarcerated in this District and has not exhausted his administrative remedies, the

Magistrate Judge

RECOMMENDS that United States' Motion to Dismiss (Document No. 1656) be GRANTED, that Petitioner Cody Allen Belt's ""Motion for Order to Show Cause Why Respondents should not be Held in Contempt" or for "habeas relief under Title 28 U.S.C. Section 1651 or 2255" (Document No. 1646), which has been construed as request for relief under 28 U.S.C. § 2241, be DISMISSED WITHOUT PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 22nd day of January, 2008.

*[signature]*
Frances H. Stacy
United States Magistrate Judge